IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Case No. 12-mj-566 |
| v. | * | |
| | * | |
| | * | |
| JAMES WESLEY THOMAS | * | |
| | * | |
| | * | |
| Defendant | * | |

************

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c)(1) and Alternative Motion for a New Trial Pursuant to Rule 33 (the "Motion") and the Government's Response in Opposition thereto. On April 30, 2013, the Defendant was found guilty after a bench trial of speeding, reckless driving and fleeing and eluding a police officer. Sentencing is scheduled for August 7, 2013.

The Defendant contests his conviction for fleeing and eluding a police officer which was charged in Count 2 of the Criminal Complaint. Count 2 charged that on or about June 11, 2012, the defendant did "willfully fail to stop his vehicle, having being given a visual and audible signal to stop by a police officer in an appropriately marked official police vehicle" in violation of 36 CFR 4.2; 21-904(c)(1).[1] An essential element of the crime is that the signal to stop be given by a "police officer." The Defendant argues that the definition of "police officer" for purposes of §21-904(c)(1) is found in §2-101 of the Maryland Criminal Procedure Article. That section states that "police officer" means "a person who in an official capacity is authorized by law to make arrests and is a member/employee of…" The section goes on to list 25 law

---
[1] 21-904(c)(1) refers to the relevant section of the Maryland Transportation Article.

enforcement agencies. The United States Park Police is not one of the enumerated agencies. On that basis, the Defendant argues that an officer of the United States Park Police is not a "police officer" for purposes of §21-904(c)(1) and, thus, the Government did not prove an essential element of the crime.

The Court found that at the time of the incident the arresting officer, United States Park Police Officer Christopher Gogarty, was in uniform, in a vehicle appropriately marked as an official police vehicle, gave a visual and audible signal to stop, and the Defendant attempted to elude Officer Gogarty by willfully failing to stop his vehicle. The Court also found that the offenses for which the Defendant was convicted occurred on lands within the National Park System. Officer Gogarty's authority as a police officer derives from 16 U.S.C. §1a-6(b) which authorizes officers to "carry firearms and make arrests without warrant for any offense against the United States committed in his presence,...provided such arrests occur within that system or the person to be arrested is fleeing therefrom to avoid arrest." 16 U.S.C. §1a-6(b)(1). Clearly, this section describes a "police officer", although it does not expressly identify the person as such.

The Defendant reads the definition of "police officer" under §21-904(c)(1) too narrowly. He ignores other relevant sections of Maryland law. As the Government points out, a member of the United States Park Police is included within the definition of a "police officer" in the statute criminalizing the impersonation of a police officer. *See*: Maryland Public Safety Article, §3-502. Section 4-101(b) of the Maryland Criminal Procedure Article provides that "Within areas of the National Park System, a United States Police officer may exercise the authority of a police officer to issue a citation under this section." Although a United States Park Police officer is excluded from the definition of "police officer" under §2-101 of the Maryland Criminal

2

Procedure Article, §2-104.1 of the same Article provides "A United States Park Police officer may make arrests, conduct investigations, issue citations, and otherwise enforce the laws of the State within areas of the National Park System". Significantly, §11-147 of the Maryland Transportation Article provides that "Police officer" means "an officer authorized to direct or regulate traffic or to make arrests for violations of any of the provisions of the Maryland Vehicle Law or of local or other traffic laws or regulations". This definition of "police officer" applies to Maryland traffic laws, which would include §21-904(c)(1). See Maryland Transportation Article, §11-101.

The Court finds that a United States Park Police officer is a "police officer" for purposes of §21-904(c)(1) of the Maryland Transportation Article. The Motion is, therefore, **DENIED.**[2]

Date: June 4, 2013

/s/
Thomas M. DiGirolamo
United States Magistrate Judge

CC: Hollis R. Weisman, AUSA

Brian R Bregman, Esq.

---

[2] The Defendant's other arguments are not persuasive and are rejected.